1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

G & G CLOSED CIRCUIT EVENTS, LLC, a Nevada corporation,

    Plaintiff,

v.

TIMOTHY PARKER individually and d/b/a CHULA VISTA BREWERY; and DIEGO & DANTE, LLC an unknown business entity d/b/a CHULA VISTA BREWERY,

    Defendant.

TIMOTHY PARKER Individually and d/b/a CHULA VISTA BREWERY; and DIEGO & DANTE, LLC an unknown business entity d/b/a CHULA VISTA BREWERY,

    Counterclaimant,

v.

G & G CLOSED CIRCUIT EVENTS, LLC, a Nevada corporation,

    Counterdefendant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  3:20-cv-00801-BEN-RBB

**ORDER:**

**(1)  DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AS MOOT**

**(2)  GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS**

**[ECF No. 9. 10, 12, 14, 16]**

-1-

## I.  **INTRODUCTION**

Plaintiff G & G CLOSED CIRCUIT EVENTS, LLC, a Nevada corporation ("Plaintiff") brought this action for violation of the anti-piracy provisions of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605, against Defendants TIMOTHY PARKER, individually and d/b/a CHULA VISTA BREWERY, and DIEGO & DANTE, LLC an unknown business entity d/b/a CHULA VISTA BREWERY (collectively, "Defendants").  ECF No. 1.

Before the Court are Plaintiff's motions (1) to dismiss Defendants' counterclaims for lack of subject matter jurisdiction, ECF No. 9, and (2) for Attorney's Fees and Costs, ECF No. 12.  Defendant opposed the motion for attorney's fees and costs.  ECF No. 14. Plaintiff replied.  ECF No. 16.  The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 13.

After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Plaintiff's Motion to Dismiss as Moot and **GRANTS IN PART** Plaintiff's Motion for Attorney's Fees and Costs and awards Plaintiff **$1,573.00** in attorneys' fees and **$488.28** in costs for a total of **$2,061.28**.

## II.  **BACKGROUND**

### A.  **Statement of Facts**

Plaintiff alleges it was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Daniel Jacobs WBA/WBC/IBF Middleweight Championship Fight Program* event telecast nationwide on Saturday, May 4, 2019 (the "Program").  ECF No. 1 at ¶ 18.  Plaintiff complains that on the night of the Program, Defendant intercepted, received, and published the Program at Chula Vista Brewery.  *Id.* at ¶ 19.

### B.  **Procedural History**

On April 29, 2020, Plaintiff filed a complaint alleging claims for relief for: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; (3) conversion; and (4)

violation of California Business & Professions Code, § 17200, *et seq.*  ECF No. 1.

On May 14, 2020, Defendants filed an Answer to the Complaint and Counterclaim, alleging claims for relief for (1) conversion and (2) violation of California Business & Professions Code, § 17200, *et seq.*  ECF No. 3.

Shortly thereafter, on May 29, 2020, Plaintiff filed an Acceptance of Defendants' Rule 68 Offer of Judgment, pursuant to which Defendant offered to allow entry of judgment to be taken against Defendants and in favor of Plaintiff in the amount of $12,000.00 plus allowable costs (excluding any prevailing attorneys' fees) and "reasonable attorneys' fees, both of which will be determined by the Court, as of May 13, 2020."  ECF No. 7 at 4:3-8.  On June 4, 2020, the Clerk of the Court entered judgment accordingly.  ECF No. 8.  That same day, Plaintiff filed a Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction.  ECF No. 9.  However, on June 8, 2020, Defendants filed a Notice of Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, voluntarily dismissing the counterclaims and mooting Plaintiff's Motion.  ECF No. 10.

On June 18, 2020, Plaintiff filed its Motion for Attorneys Fees and Costs.  ECF No. 12.  On July 1, 2020, Defendants opposed.  ECF No. 14.  On July 2, 2020, an early neutral evaluation conference was held before Magistrate Judge Ruben B. Brooks regarding Plaintiff's Motion for Attorneys' Fees and Costs, but a resolution was not reached.  ECF No. 15.  As such, on July 20, 2020, Plaintiff filed a reply brief.  ECF No. 16.

## III.   <u>LEGAL STANDARD</u>

### A.   <u>Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Rule 12(b)(1) allows a defendant to seek dismissal of a claim or lawsuit by asserting the defense of lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "If the court determines at any time that it lacks subject matter-jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### B.   <u>Plaintiff's Motion for Attorneys' Fees and Costs</u>

"[A] prevailing plaintiff under an accepted Rule 68 Offer, which provides for the

award of reasonable attorney's fees, is entitled, under the Rule 68 Offer, to an award of fees in *some* amount." *Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017).  When a plaintiff accepts an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure that explicitly states a cut-off date for recoverable attorneys' fees and costs may not recover attorneys' fees and costs after that cut-off date.  *See, e.g.*, *Guerrero v. Cummings*, 70 F.3d 1111, 1114 (9th Cir. 1995), *cert. denied* 116 S. Ct. 2549, __ U.S. __ ("Even though there may be a post-offer proceeding, the terms of the offer—not the terms of Rule 68—control the cut-off of attorney's fees and costs.").

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted).  "To determine the amount of a reasonable fee, district courts typically proceed in two steps: first, courts generally apply the lodestar method to determine what constitutes a reasonable attorney fee; and second, the district court may then adjust the lodestar upward or downward based on a variety of factors, including the degree of success obtained by the plaintiffs." *Bravo v. City of Santa Maria*, 810 F.3d 659, 665-66 (9th Cir. 2016).  The Supreme Court has indicated that the degree of success obtained is "'the most critical factor' in determining the reasonableness of a fee award." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983)).  "It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *McGinnis v. Ky. Fried Chicken,* 51 F.3d 805, 810 (9th Cir.1994) (quoting *Farrar,* 506 U.S. at 116).

"The Supreme Court has instructed that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, an approach commonly known as the lodestar method." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (internal quotations omitted) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate."); *Christensen v. Stevedoring Servs. of Am*, 557 F.3d 1049, 1053 (9th Cir. 2009) (noting that in determining whether an award of attorneys' fees is reasonable, the lodestar method is the fundamental starting point); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation omitted). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also G & G Closed Circuit Events, LLC v. Pacheco*, No. 18-cv-00462-BTM-AGS, 2019 U.S. Dist. LEXIS 125110, at *4 (S.D. Cal. Jul. 25, 2019) (Moskowitz, J.) (applying the lodestar method to determine the reasonableness of a motion for fees and costs brought by Mr. Riley on Plaintiff's behalf in a different case).

If the moving party in a fee motion "satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622-23 (9th Cir. 1993). However, "[i]n determining the reasonableness of the award, there must be some evidence to support the reasonableness of, *inter alia*, the billing rate charged, and the number of hours expended." *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). In this regard, courts consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3.

## IV. DISCUSSION

### A. Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction

"[A]n issue is moot when deciding it would have no effect within the confines of the case itself." *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009). Here, Defendants' Motions to Dismiss sought to dismiss Defendants' counterclaims, ECF No. 9, but several days later, Defendants voluntarily dismissed those counterclaims, ECF No. 10. Thus, granting Plaintiff's Motion to Dismiss would have no effect within the confines of this case, and the motion is denied as moot.

### B. Plaintiff's Motion for Attorneys' Fees and Costs

Plaintiff initially asked the Court to order Defendant to pay costs in the amount of $2,413.28 and attorneys' fees in the amount of $8,570.90 to Plaintiff. Defendant opposed the amount of fees and costs sought on the basis that the itemized bill "is replete with duplicative, egregiously inflated, or outright fabricated time entries." ECF No. 14 at 5-9. Defendants contend that Plaintiff "is not entitled to attorneys' fees and costs allegedly incurred after May 13, 2020." ECF No. 14 at 3:22-23. Defendant also advances numerous arguments addressing how Plaintiff's fees are unreasonable, excessive, improper, and/or duplicative. *Id.* at 4-5. In reply, Plaintiff admits that fees and costs after May 13, 2020 may not be recovered, advances that the request of fees after that date was a mistake and submits a revised request for fees in the amount of **$1,879.90** and costs in the amount of **$2,413.28** for a total of **$4,293.18**. ECF No. 16 at 2:6-23.

Plaintiff asks the Court to apply the lodestar method. ECF No. 12 at 3:21-26. Defendant does not dispute this method of calculation but rather takes issue with the reasonableness of the fees sought. *See generally* ECF No. 14. As outlined below, the Court finds that while Plaintiff is entitled to recover fees, some of the fees, even after Plaintiff's reduced request, are duplicative or improper.

#### 1. *Reasonable Hourly Rates*

"In establishing the reasonable hourly rate, the Court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3)

the quality of representation; and (4) the results obtained." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015).

Plaintiff's revised request seeks fees for the following two individuals:

| Timekeeper: | Hourly Rate: | Revised Number of Hours Requested: |
|---|---|---|
| Timothy P. Riley | $550.00 | 2.28 |
| Administrative Assistant | $110.00 | 5.69 |

*See* ECF No. 16-1 at 5-6.

The Southern District of California has found hourly rates of $550.00 per hour or higher reasonable for attorneys with partner level experience. *See, e.g.*, *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 980 (S.D. Cal. 2014) (Sammartino, J.) (holding that an hourly rate of $650.00 per hour was reasonable for a partner); *Youngevity Int'l, Corp. v. Smith*, No. 16-CV-00704-BTM-JLB, 2018 WL 2113238, at *5 (S.D. Cal. May 7, 2018) (Burkhardt, J.) ("Courts in this district have held a range of rates from $450-750 per hour reasonable for a senior partner in a variety of litigation contexts and specialties."). In fact, given the number of cases filed by Plaintiff, courts have found hourly rates for Mr. Riley of $500.00 per hour reasonable. *See, e.g.*, *Pacheco*, 2019 WL 3388362, at *2 (approving Mr. Riley's motion for attorney's fees, which sought an hourly rate of $500.00 per hour); *G & G Closed Circuit Events, LLC v. Aguilar*, No. 18-cv-00465-JM-BGS, 2018 WL 6445883, at *2-3 (S.D. Cal. Dec. 10, 2018) (Miller, J.) (finding the hourly rate of $425.00 for Mr. Riley reasonable).

a.   *Novelty and Complexity of the Issues*

Plaintiff claims that "[n]avigating the complex legal matters involved, including broadcast rights and licensing and commercial and residential cable and satellite agreements, as well as the nationwide nature of such a practice, requires a broad understanding of and skill with federal and state substantive and procedural law." ECF No. 12 at 5:1-6. Defendants respond that "signal piracy matters are entirely pedestrian" and merely require strict liability. ECF No. 14 at 4:24-25. The Court finds the issues litigated are novel and complex; however, the Court also bears in mind that this case settled early on in litigation—within two weeks of the filing of the answer and rote to Mr. Riley.

b.   *Special Skill and Experience of Counsel*

Mr. Riley's declaration states that he has been practicing law for twenty-four years, and his firm has specialized in civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events since December 1994.  ECF No. 12-1 at 2, ¶¶ 3-4.  He elaborates that "[t]his type of work, practiced by only a handful of attorneys across the United States, requires specialized knowledge of complex legal matters, including commercial broadcast and licensing rights and commercial and residential cable and satellite agreements." *Id.* at ¶ 4.  The Court finds that Plaintiff possesses special skill and experience.

c.   *Quality of Representation*

Neither party directly addressed this factor in their briefing.  However, the Court finds no reason to detract from fees on the basis of the quality of representation.

d.   *Results Obtained*

Neither party directly addressed this factor in their briefing.  However, the Court finds no reason to detract from fees on the basis of the results obtained.  Mr. Riley secured a favorable outcome for his client.

The Court concludes that Mr. Riley's requested hourly rate of $550.00 per hour is a reasonably hourly rate for him.  Mr. Riley provided no information regarding the qualifications of his administrative assistant, for whose time he also seeks reimbursement.  However, the Court finds that to the extent she performed "paralegal-type" work as he alleges, the hourly rate is reasonable.  However, as discussed below, the fees requested for the work she performed merit reduction on other grounds.

**2.   *Plaintiff's Counsel Did Not Expend Reasonable Hours***

Having determined the hourly rate was reasonable, the Court must determine whether the number of hours expended on the case was reasonable.  In seeking attorneys' fees, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  In demonstrating that their hours are reasonable, counsel "should have maintained records to

-8-

show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity, so the district court can assess the time claimed for each activity." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  In this case, Plaintiff seeks the below amounts:

| Date: | Timekeeper: | Rate: | Description: | Hours: | Amount: | Reduced Amount: |
|---|---|---|---|---|---|---|
| 5/9/2019 | AA | $110.00 | *Initial File Review and Preparation* | 0.25 | $27.50 | $0.00 |
| 5/9/2019 | TPR | $550.00 | Initial File Preparation | 0.25 | $137.50 | $137.50 |
| 6/11/2019 | AA | $110.00 | *Public Records Research and Review re: Timothy Parker* | 0.25 | $27.50 | $0.00 |
| 6/11/2019 | TPR | $550.00 | Public Records Review re: Timothy Parker | 0.25 | $137.50 | $137.50 |
| 10/2/2019 | AA | $110.00 | **Preparation, Filing, and Service** of Initial Demand Letter to Timothy Parker | 0.33 | $36.30 | $22.00 |
| 10/2/2019 | TPR | $550.00 | Review and Execution of Initial Demand Letter to Timothy Parker | 0.10 | $55.00 | $55.00 |
| 11/7/2019 | TPR | $550.00 | Telephone Conference with defense counsel Trevor Brandt McCann re: Settlement Terms | 0.33 | $181.50 | $181.50 |
| 11/8/2019 | AA | $110.00 | **Preparation, Filing, and Service** of Settlement Documents | 1.00 | $110.00 | $66.00 |
| 11/8/2019 | TPR | $550.00 | Review and Execution of Settlement Documents | 0.10 | $55.00 | $55.00 |
| 12/11/2019 | AA | $110.00 | *Review and Filing of email correspondence from defense counsel Trevor Brandt McCann re: Representation of Timothy Parker and Diego & Dante, LLC* | 0.10 | $11.00 | $0.00 |
| 12/11/2019 | TPR | $550.00 | Review of email correspondence from | 0.10 | $55.00 | $55.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | defense counsel Trevor Brandt McCann re: Representation of Timothy Parker and Diego & Dante. | | | |
| 12/16/2019 | AA | $110.00 | **Preparation, Filing, and Service** of Letter to defense counsel Trevor Brandt Mccann re: Settlement | 0.33 | $36.30 | $22.00 |
| 12/16/2019 | TPR | $550.00 | Review and Execution of letter to defense counsel Trevor Brandt McCann re: Settlement | 0.10 | $55.00 | $55.00 |
| 1/6/2020 | AA | $110.00 | **Preparation, Filing, and Service** of Letter of Representation to defense counsel Trevor Brant McCann | 0.33 | $36.30 | $22.00 |
| 1/6/2020 | TPR | $550.00 | Review and Execution of Letter of Representation to defense counsel Trevor Brant McCann | 0.10 | $55.00 | $55.00 |
| 4/29/2020 | AA | $110.00 | **Preparation, Filing, and Service of Initial Suit Papers** (Complaint and Civil Cover Sheet) (ECF # 1) | 2.00 | $220.00 | $99.00 |
| 4/29/2020 | TPR | $550.00 | Review and Execution of Initial Suit Papers (Complaint and Civil Cover Sheet) (ECF # 1) | 0.75 | $412.50 | $412.50 |
| 4/29/2020 | AA | $110.00 | *Review and Filing of Summons issued as to all Defendants (ECF #2)* | 0.10 | $11.00 | $0.00 |
| 4/29/2020 | TPR | $550.00 | Review and Filing of Summons issued as to all Defendants (ECF #2) | 0.10 | $55.00 | $55.00 |
| 5/13/2020 | AA | $110.00 | **Preparation, Filing, and Service** of Settlement Documents | 1.00 | $110.00 | $88.00 |

-10-

| 5/13/2020 | TPR | $550.00 | Review and Execution of Settlement Documents | 0.10 | $55.00 | $55.00 |
|-----------|-----|---------|-----------------------------------------------|------|--------|--------|
| **Subtotal:** | | | | **7.97** | **$1,879.90** | **$1,573.00** |

a.    _Double Billing/Amounts for Administrative Assistant_

Defendants point out that Thomas P. Riley and his administrative assistant performed numerous duplicative tasks, many of which were for "pedestrian and predictive services." ECF No. 14 at 3:4-28. Plaintiff provided billing records for the fees sought in this case, as shown above. However, the Court finds the hours billed in these records problematic for three reasons:

First, Plaintiff seeks attorneys' fees for duplicative tasks performed by both him and his legal assistant. On the one hand, "it is appropriate for a district court to reduce duplicative fees when awarding attorney's fees." *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1219 (9th Cir. 2003) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 620 (9th Cir. 1993) ("A district court may reduce a fee award by excluding hours that are duplicative or unnecessary.")); *see, e.g.*, *Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1059 (C.D. Cal. 2014) (reducing the hours billed by 3 hours where the court found the time spent by two different attorneys on a case duplicative and excessive; s*ee also Brother v. Miami Hotel Investments, Ltd.*, 341 F. Supp. 2d 1230, 1238 (S.D. Fla. 2004) (reducing the fee award for a senior attorney because many of the hours she expended on the case were redundant and the case was not complex enough to require two attorneys, with a junior attorney performing tasks and the senior attorney billing for reviewing the work of the junior attorney); *Bryant v. Colgate Univ.*, 996 F. Supp. 170, 172 (N.D.N.Y. 1998) (reducing the hours billed by thirty percent (30%) where "some of the hours Plaintiffs list are duplicative in that several of the tasks which could have been accomplished by one attorney were billed as completed by two or more attorneys"). On the other hand, duplicative hours warranting reduction are only those hours "where the presence of more than one attorney does not provide benefit to the client." *P.C. v. City of Los Angeles*, No. CV 07-3413-PLA, 2012 WL 12920203, at *4 (C.D. Cal. Sep. 14, 2012) (allowing for fees for time spent conferring with co-counsel) (citing *Oberfelder v. City of*

-11-

*Petaluma*, 2002 WL 472308, *7 (N.D. Cal. Jan. 29, 2002)).   In some cases, courts find work two attorneys on a case beneficial to the client, and therefore, appropriate.   *See, e.g.*, *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012) (declining "to reduce the hours simply because Class Counsel kept each other informed about the case and double-checked each other's work; indeed, many motions this Court denies would have benefitted from a second read and more strategizing by the attorneys involved."); *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n. 9 (9th Cir. 1989) (noting that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort"); *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 314-15 (C.D. Cal. 2020) (pointing out that "[s]ome 'necessary duplication' of efforts will always be present, but that 'is no reason why the lawyer[s] should perform this necessary work for free.'") (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In this case, the Court suspects that much of the work in this case was not only duplicative but also unnecessarily duplicative such that it in no way benefitted the client. However, even if those entries were not duplicative, the Court finds it appropriate to reduce, if not eliminate entirely, the time billed for Mr. Riley's administrative assistant. Courts have held that attorneys may not seek to recover for administrative tasks or time. *See, e.g.*, *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("filing, transcript, and document organization time [are] clerical in nature and should [be] subsumed in firm overhead rather than billed at paralegal rates").   Accordingly, "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *See, e.g.*, *id.* ("noting that "[t]o account for the paralegal's billing of clerical work, the district court fee request is reduced by 6.05 hours at the paralegal's $100 hourly rate, reduced 5 percent by Nadarajah's counsel to $95").   Thus, the Court finds that allowing recovery for the duplicative time entries of the administrative assistant, where she performed the same task as Mr. Riley, is inappropriate.   While the Court agrees with Plaintiff's argument that some of the administrative assistant's task were "paralegal type" tasks that may be appropriate to bill for, Plaintiff's block billing entries make these entries

-12-

difficult to isolate.  For instance, while it may be appropriate to bill for the administrative assistant's preparation of some documents, it was improper for her to bill for filing them. In the absence of proper, non-block billed entries, the Court reduces the bolded entries, as shown above, by 0.10 hours.

Second, Plaintiff did not track his time contemporaneously.  *See, e.g.*, *Joe Hand Promotions, Inc. v. White*, No. C-11-01331 CW (JSC), 2011 WL 67449061, at *2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable").  Mr. Riley's declaration states that "[b]illable hours for legal services are reconstructed by way of a thorough review of the files themselves." ECF No. 12-1 at 3, ¶ 7.  Nonetheless, due to his failure to track his time contemporaneously, Mr. Riley's billing records are more likely to be inaccurate.

Third, upon examination of some of Mr. Riley's work product, including nearly identical letters to the ones billed for in this case where only a few case specific details were changed, some of Plaintiff's billing entries are unreasonable given the task at hand. *See, e.g.*, *G & G Closed Circuit Events, LLC. V. Kim Hung Ho*, No. 11-cv-03096-LHK, 2012 WL 3043018, *2 (N.D. Cal. Jul. 25, 2012) ("The Court finds that in some instances the billing entries represent unnecessary expenditures and in other instances the billing entries overstate the amount of time reasonably attributable to the activity").  In fact, other courts reviewing Mr. Riley's work have come to similar conclusions:

> The . . . tasks performed in connection with this lawsuit, and no doubt the dozens of others that counsel handles for this and similar clients, are entirely pedestrian and predictable.  This Court seriously doubts that a single original document or pleading was created for this action, save the 'public records research and review of Romarico Salvador Miranda,' which happened on 2/25/09 and took 0.125 hours (seven and a half minutes).  An attorney's signature was certainly required to file the complaint, and an attorney was required to make the 'telephonic appearance at hearing on motion for default judgment" on 9/11/09 (listed at 0.100 hours, or six minutes), but beyond that the involvement of an attorney, as opposed to a

-13-

paralegal or a secretary, was probably superfluous.

*J & J Sports Prods., Inc. v. Miranda*, No. C 09-1037 SI, 2009 WL 3837273, at *3 (N.D. Cal. Nov. 16, 2009).

For instance, the one page, four paragraph letter sent in this case sent on January 6, 2020, ECF No. 14-2 at 18, for which the administrative assistant billed a 0.33 and Mr. Riley billed a 0.10 is identical to a letter sent on August 29, 2019, in another case brought by Mr. Riley and his client against a defendant who was also represented by Defendants' counsel, *see* ECF No. 14-2 at 21. As such, the Court finds that some of the time billed is unreasonable or excessive and has further reduced those entries as the Court finds appropriate as shown in the above chart.

The Court finds an award of **$1,573.00** is appropriate for attorney's fees.

### 3.   *Costs*

Rule 54(d) of the Federal Rules of Civil Procedure creates a presumption favoring an award of costs to the prevailing party. *See*, *e.g.*, *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 375–76 (2013) ("describing the 'venerable' presumption that prevailing parties are entitled to costs); *see also Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 966 (9th Cir.), *cert. granted*, 139 S. Ct. 52, (2018), and *rev'd in part*, 139 S. Ct. 873 (2019) (noting that *Marx* remains binding precedent on the Ninth Circuit). Courts may award "taxable costs" such as: (1) fees of the clerk and marshal; (2) fees for transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copying costs necessarily obtained; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920; *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (noting that these expenses are known as "taxable costs").

Plaintiff filed suit under 47 U.S.C. § 605, which allows for the "recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails," under subsection (e)(3)(B)(iii). "Reasonable out-of-pocket expenses normally charged to a client may be recoverable as attorney fees even if not taxable pursuant to 28 U.S.C. § 1920, so long as those expenses are customarily charged to the client." *Partners for Health*

& Home, L.P. v. Seung Wee Yang, 488 B.R. 431, 440 (C.D. Cal. 2012), aff'd, 671 F. App'x 475 (9th Cir. 2016); see also Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir. 1997) (upholding award to plaintiff of attorney fees and "investigation costs"). "Service of the summons and complaint, photocopying and document processing costs, postage, messenger and delivery costs, travel costs, investigators, deposition-related expenses, and telephone charges are recoverable costs." Wang, 488 B.R. at 440; see also Grove, 606 F.3d at 580; Harris v. Marhoefer, 24 F.3d 16, 19-20 (9th Cir. 1994) (noting that "Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'").

The losing party carries the burden of overcoming the presumption favoring an award of costs to the prevailing party by affirmatively showing a valid reason that the prevailing party is not entitled to costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). In reviewing cost assessments, district courts consider (1) whether the costs are allowable and (2) if so, whether the amount assessed for each item is reasonable. Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000); see also Yumi Ito v. Tokio Marine & Fire Ins. Co., LTD., No. CV036835JFWJTLX, 2007 WL 9735847, at *1 (C.D. Cal. Mar. 22, 2007) (citing to Majeske for the same proposition).

In this case, Plaintiff seeks the following costs:

| Date: | Description: | Documentation: | Amount: |
|---|---|---|---|
| 6/10/2019 | Investigative Expense | Taurus Investigations Invoice; Contact: Paul Marino.  ECF No. 12-1 at 11. | $625.00 |
| 6/17/2019 | Investigative Expense | Taurus Investigations Invoice; Contact: Rudy Gubach.  ECF No. 12-1 at 12. | $650.00 |
| 6/20/2019 | Investigative Expense | Taurus Investigations Invoice; Contact: Patrick Walters.  ECF No. 12-1 at 12. | $650.00 |
| **Subtotal:** | | | **$1,925.00** |
| 3/10/2020 | Courier Charges | | $56.12 |
| 3/20/2020 | Courier Charges | | $32.16 |
| **Subtotal:** | | | **$88.28** |

| 4/29/2020 | Complaint Filing Fee | | $400.00 |
|---|---|---|---|
| **TOTAL:** | | | **$2,413.28** |

a.   *Investigative Expenses*

Defendants argue that Plaintiff's request for investigator fees for three investigators, rather than one, was unnecessary, and Plaintiff failed to provide any evidence to the contrary.  ECF No. 14 at 11:1-2.  "Most courts in this circuit decline to award costs for pre-filing investigative fees under § 605."  *Aguilar*, 2018 WL 6445883, at *3 (denying Mr. Riley's request for reimbursement of $600 in pre-filing investigative fees, which as in this case, cited to a case in which the court noted that the detection of the unlawful interception of broadcasts was a difficult task); *see also Joe Hand Promotions, Inc. v. Beltran*, No. 3:18-CV-1814-AJB-NLS, 2019 WL 3501451, at *4 (S.D. Cal. Jul. 31, 2019) (Battaglia, J.) (noting that "pre-filing investigative costs are not typically awarded by courts in this circuit").  In its reply brief, Plaintiff argues that the case law relied upon by Defendants to argue such costs are not recoverable is outdated, and that "this general conclusion has changed."  ECF No. 16 at 10:17-28 (citing *G&G Closed Circuit Events, LLC v. Sanchez*, No. 18-cv-00382-WQH-KSC, 2018 U.S. Dist. LEXIS 201732, at *4 (S.D. Cal. Nov. 28, 2018) (Hayes, J.) (awarding Mr. Riley $625.00 in investigator fees in a default judgment action); *G & G Closed Circuit Events, LLC v. Pacheco*, No. 18-cv-00462-BTM-AGS, 2019 U.S. Dist. LEXIS 125110, at *4 (S.D. Cal. Jul. 25, 2019) (Moskowitz, J.) (awarding investigator costs of $1,935.00 to Mr. Riley in a default judgment action); *G & G Closed Circuit Events, LLC v. Ruiz*, No. 18-cv-464-CAB-MDD, 2019 U.S. Dist. LEXIS 181429, at *7-8 (S.D. Cal. Oct. 17, 2019) (Bencivengo, J.) (awarding Mr. Riley $650.00 in investigative costs under 47 U.S.C. § 605(e)(3)(B)(iii)).

This Court finds that contrary to Plaintiff's assertion, this general conclusion has not changed.  *See, e.g.*, *G&G Closed Circuit Events, LLC v. Barajas-Quijada*, No. 1:19-CV-1259 AWI JLT, 2020 U.S. Dist. LEXIS 58411, at *7-8 (E.D. Cal. Apr. 2, 2020) (reiterating that "courts within the Ninth Circuit routinely deny awarding costs for an investigation under 47 U.S.C. § 605 and noting that cases like *Joe Hand* have "required documentation

-16-

beyond the submission of a bare invoice to be provided to support an award of investigative costs"). More recent cases have still declined to award such investigator costs, especially when they consist of a barebones invoice that fails to document the qualifications of the investigators or services provided. *See id.* (declining to award Mr. Riley $560 in investigative fees); *see also J & J Sports Prods. v. Cervantes*, No. 1:16-cv-00485-DAD-JLT, 2019 U.S. Dist. LEXIS 30572, at *12 (E.D. Cal. Feb. 26, 2019) (declining Mr. Riley's request for reimbursement of $1,275.00 in investigative expenses and $45.53 in courier charges because Mr. Riley "provided no documentation to support the amount sought for courier charges" and for the investigator "submitted only an invoice and no other documentation regarding the qualifications of its investigators or an explanation of what services were provided). While more recent cases within the Southern District have award Mr. Riley his investigator expenses, *see G & G Closed Circuit Events, LLC v. Beltran*, No. 3:18-cv-2099-CAB-LL, 2019 U.S. Dist. LEXIS 232656, at *2-3 (S.D. Cal. Mar. 1, 2019) (Bencivengo, J.) (awarding Mr. Riley $500.00 in investigator costs*); G & G Closed Circuit Events, LLC v. Flores*, No. 3:18-cv-00378-L-RBB, 2018 U.S. Dist. LEXIS 209016, at *6-7 (S.D. Cal. Dec. 10, 2018) (Lorenz, J.) (awarding Mr. Riley $630.00 in investigator costs), this Court adheres to cases like *Aguilar*, and the recent Eastern District cases declining to award investigator fees that lack any documentation justifying the expenses, *see, e.g.*, *Aguilar*, 2018 WL 6445883, at *3 (Miller, J.) (denying Mr. Riley's request for reimbursement of $600 in pre-filing investigative fees). The Court also finds it suspect that Mr. Riley seems to incur investigator fees between $500.00 and $650.00 in investigator fees in every case he files. This Court joins the courts declining to award investigator fees when documented by an invoice containing nothing more than an amount without even detailing the investigative services provided or qualifications of the investigator.

b.   <u>*Courier Charges*</u>

In the Ninth Circuit, courts "have continued to hold that attorneys' fees awards can include reimbursement for out-of-pocket expenses including . . . travel, courier and copying costs." *Grove*, 606 F.3d at 580 (quoting *Davis v. City of San Francisco,* 976 F.2d 1536,

-17-

1556 (9th Cir.1992), *vacated in part on other grounds,* 984 F.2d 345).   However, these expenses must still include documentation to support the expenses.   *See, e.g.*, *Aguilar*, 2018 WL 6445883, at *3 (denying Mr. Riley's request for reimbursement of $32.01 in courier fees where he did not submit any documentation in support of this expense).

Defendants note that Plaintiff "requested courier charges for March 10, 2020 and March 20, 2020," but Defendants also point that Mr. "Riley's itemized statement reflects no documents prepared on those dates and McCann has no record that he received those courier packages."   ECF No. 14 at 11:3-5.   Defendants also state that "even if Riley had incurred those charges, because McCann and Riley regularly communicate by email and fax, those costs would have been entirely unnecessary." *Id.* at 11:5-7.   Plaintiff provides no response on this issue justifying why the charges were necessary, other than a conclusory statement in Mr. Riley's declaration that the charges were necessary and attaching a copy of invoices. *See* ECF No. 16-1 at 2, ¶ 5.   The invoices attached show the below charges:

| Date: | Description: | Addressee: | Amount: |
|---|---|---|---|
| October 4, 2019 | FedEx Envelope | Mr. Parker/Chula Vista Brewery | $13.71 |
| October 4, 2019 | FedEx Envelope | Mr. Parker | $18.45 |
| November 11, 2019 | FedEx Envelope | Mr. Nicolas Gagliardi/G&G Closed Circuit | $15.81 |
| November 12, 2019 | FedEx Envelope | Mr. Parker | $21.54 |
| November 20, 2019 | FedEx Envelope | Mr. Riley (from Mr. Nicolas Gagliardi/G&G Closed Circuit) | $17.77 |
| **Subtotal:** | | | **$87.28** |

ECF No. 16-1 at 120-123.   The invoices themselves indicate that Defendants have no record of communication on the dates shown in the billing records because the invoices themselves (1) have different dates and (2) show that some of the communications were with Mr. Riley's own client.   Because courier charges with a client are costs that would typically be billed to a client, they are recoverable. *Wang*, 488 B.R. at 440.

As a result, the Court awards Plaintiff the courier charges.

c.   *Filing Fee*

Defendant next requests that the Court award costs for the $400.00 filing fee.   Filing

-18-

fees are appropriate taxable costs. *See, e.g.*, *Aguilar*, 2018 WL 6445883, at \*3 (awarding Mr. Riley reimbursement of the $400.00 filing fee). Defendants advanced no argument in their opposition regarding the propriety of awarding costs for this filing fee. As such, it is awarded.

## V.   CONCLUSION

For the above reasons, the Court rules as follows:

1.   Plaintiff's Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction is **DENIED** as moot. ECF No. 9.

2.   Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED IN PART**, and Plaintiff recovers the following amounts:

| Item: | Amount: |
|---|---|
| **Attorney's Fees:** | $1,573.00 |
| **Costs:** | $488.28 |
| **TOTAL:** | **$2,061.28** |

**IT IS SO ORDERED.**

DATED:   January 19, 2021

_____

**HON. ROGER T. BENITEZ**
United States District Judge